FILED
IN CLERK'S OFFICE

2024 MAY 13 AM 11: 01

U.S. DISTRICT COURT
DISTRICT OF MASS.

IN THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

IN THE APPLICATION OF

EDERVALDO RODRIGUES DA SILVA,
    PLAINTIFF / PETITIONER,

v

JÉSSICA SILVEIRA DA SILVA,
DEFENDANT / RESPONDENT;

GILBERTO LUCAS,
DEFENDANT / RESPONDENT.

C.A. No.

## VERIFIED COMPLAINT AND PETITION PURSUANT TO THE HAGUE CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION AND THE INTERNATIONAL CHILD ABUDCTION REMEDIES ACT, CODIFIED AT U.S.C. § 9001 *et seq.* FOR THE RETURN OF A CHILD

Plaintiff / Petitioner, ("Petitioner"), respectfully states as follows:

### INTRODUCTION

1. This action is brought by Petitioner, a Brazilian citizen, to secure the return of his son ("child"), **Arthur Rodrigues Silveira da Silva, A. R. S. da S.**, 9 (nine) years old, wrongfully taken from his home in Brazil and has been retained in Massachusetts by the child's mother, first Defendant/Respondent, ("Respondent") with the help of the second Defendant/Respondent. The

Petitioner still resides in Brazil with his wife.

2. This Petition is filed pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"), Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 49 (reprinted at 51 Fed. Reg. 10494 (Mar. 26, 1986), and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601 – 11610 (2011). The Hague Convention came into effect in the United States of America on July 1, 1998, and Brazil is amongst the Contracting States. See Hague Convention attached hereto as Exhibit B.

3. The objects of the Hague Convention include: (a) to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and (b) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States. Id. The Hague Convention provides authority to a federal district court to determine the merits of a claim for the wrongful retention or removal of a child.

**JURISDICTION AND VENUE**

4. This action is brought pursuant to the original jurisdiction conferred on this Court under 42 U.S.C. § 11603(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction).

5. Venue is proper under 42 U.S.C. § 11603 and 28 U.S.C. § 1391(b) because, on information and belief, the child and the Respondent reside in Lowell, Massachusetts, Middlesex County. This information was given by the US

Central Authority. According to them, based on federal law protections, they are not allowed to give us the exact address of the Respondent (<u>Exhibit C</u>). In view of that, we then require this Court to demand the address from this Authority.

## FACTS

6. The parties, Jéssica and Edervaldo, were married on 05/13/2011. See copy of marriage certificate attached hereto as <u>Exhibit D</u>. The child was born to the parties on 05/04/2014, and is presently nine (9) years old. See copy of birth certificate attached hereto as <u>Exhibit E</u>. The parties and the child, all Brazilian citizens, resided together as a family in the State of Minas Gerais, Brazil, from the date of the child's birth, until the parties ended their romantic relationship and separated.

7. On or about 2016, the couple separated. A few years later, around 2021, February, the Petitioner filed for divorce from the first Respondent, Jéssica, in the State of Minas Gerais, Brazil. On 12/10/2021, the parties reached an agreement as to the terms of their divorce, which addressed joint custody over the child. The minor used to spend time with both parents each week alternatively.

8. From the time of the parties' separation in 2016 until 03/11/2022, Petitioner had regular contact with the child according to the court decision. They had **joint custody** according to the agreement adjudicated and attached as <u>Exhibit G.</u> Therefore, as a matter of proof, it can be said that the Petitioner exercised rights of custody over the child before the illegal abduction.

9. In 03/04/2022, Petitioner was asked to agree in making a passport for the child so the minor could travel around the year 2023, either to the US or Portugal. At the police station, the Petitioner was informed that the authorization was only to make the passport. If the child were to travel, another authorization was needed. The Petitioner, then, believed that he was only allowing the document to be done. At no point did he authorize any specific travel.

10. In fact the first Respondent, Jéssica, mentioned that her boyfriend, the second Respondent, was seeking a job abroad, however, she assured that if she were to go with him, she would leave the minor with the Petitioner. Unfortunately, the Respondent lied and took the child to illegally cross the border between the US and Mexico. She pretended to travel to another state in Brazil (Espírito Santo), but instead she went abroad with the child. The Petitioner believes that the second Respondent went together and helped the illegal crossing.

11. Considering that she lied and that the Applicant never authorized the child to move home to another country, he canceled the passport by the time he knew about the wrong maneuver. Since she took the child away, the Respondent allowed Petitioner only limited telephone contact with the child.

12. When the Respondent was asked about her return to the state of Minas Gerais with the child, she then refused to send him back.

13. With a view that his child was unlawfully abducted, the Petitioner proceeded to file a police report. See copy of police report attached hereto as <u>Exhibit H</u>.

However, Brazilian authorities did very little on the case.

14. In 04/20/2022, the Petitioner filed the case before the ACAF (local central authority) and ever since has tried to reach out to his son (<u>Exhibit I</u>). Considering that the family is poor and could not afford a lawyer in the US, they had been waiting for the US Authority to appoint a pro bono lawyer. However, this has not been possible yet and this is why he decided to file the petition without a lawyer's assistance. Bearing this in mind, we consider that he took the initial measures within the time limit period of The Hague Convention 1980 (one-year time lapse). Further, we must consider that the child is still an illegal immigrant and, therefore, is not adapted to the country.

15. Respondent has taken a course of action to attempt to deceive the Petitioner and prevent him from learning the precise whereabouts of the child, and from having regular contact with him. Petitioner has not seen the child in person since almost two years ago. He could not afford traveling to the US or even be eligible for the visa. This might mean that the child will grow without having the presence of his father.

16. Respondent has wrongfully taken and retained the child in the United States, over the Petitioner's objection, and in violation of the laws of Brazil.

17. On information and belief, the child is residing with the Respondent in Massachusetts. The local central authority said that could only provide her right address under local jurisdiction's request, due to a local Privacy Act. The officer mentioned, though, that he would give the complete address once

we file this petition (Exhibit C).

18. Petitioner avers that the Respondent Two, Gilberto Lucas, is also wrongfully retaining the child outside and possibly might have helped the abduction. Supposedly, he lives with Respondent 1 and the child in the same home in the US. This means that he has been an accomplice to the wrongful act.

**WRONGFUL RETENTION OF MINOR CHILD BY THE RESPONDENT: <u>CLAIM FOR RELIEF UNDER THE HAGUE CONVENTION</u>**

19. As set forth above, since at least 28th of March 2022, Respondent wrongfully retained the minor child and continues to wrongfully retain the minor child in the Commonwealth of Massachusetts, United States, in violation of Article 3 of The Hague Convention, despite Petitioner's efforts to have the child returned to Brazil.

20. Article 3 of the Hague Convention provides that the retention of a child is considered wrongful where (a) it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was a habitual resident immediately before the removal or retention; and (b) at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.

21. Respondent's retention of the child is in violation of Petitioner's right as joint custodian to determine the minor child's place of residence. <u>See</u> Hague Convention, Art. 5(a) (defining "rights and custody" to include "rights relating

to the care of the person of the child and, in particular, the right to determine the child's place of residence"). After the divorced, it was judicially decreed that both parents have shared custody according to Brazilian law.

22. At the time of the child's retention in the United States, Petitioner was exercising his rights of custody within the meaning of Articles 3 and 5 of The Hague Convention. But for Respondent's removal and retention of the child, Petitioner would have continued to exercise those rights. The child resided with the parties in Brazil within the meaning of Article 3 of The Hague Convention from the time of his birth. Petitioner continued to consistently exercise his rights of custody until the day Respondent wrongfully withheld the child in Brazil, and then removed the child from Brazil to the United States.

23. The child is presently nine (9) years old. The Hague Convention is applicable to children under the age of sixteen (16).

24. Petitioner has never acquiesced or consented to Respondent's permanent retention of the child in the United States or to the child living outside of Brazil. Furthermore, the Petitioner is able to provide care for the child in Brazil.

**PROVISIONAL REMEDIES**
**(42 U.S.C. § 11604 AND HAGUE CONVENTION, ARTICLE 16)**

25. Petitioner requests that this Court:

26. Issue an immediate order restraining Respondents from removing the child from the jurisdiction of this Court and a warrant seeking immediate physical custody of the child, directing any United States Marshal or other law

enforcement officer to bring the child before this Court. Petitioner further requests that this Court schedule an expedited hearing on the merits of the within Petition respecting the 9 (nine) weeks period determined by The Hague Convention.

27. Issue an immediate order to determine the Respondents to handle their own passports and the child's passport.

### NOTICE OF HEARING (42 U.S.C. § 11603(c))

28. Pursuant to 42 U.S.C. § 11603(c), Respondent shall be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings.

### REQUESTS FOR RELIEF

**WHEREFORE**, respectfully requests that this Court:

1. Enter an immediate temporary restraining order prohibiting the removal of the child from the jurisdiction of this Court pending a hearing on the merits of the within Verified Complaint, and further provide that no person acting in concert or participating with Respondent shall take any action to remove the child from the jurisdiction of this Court pending a determination on the merits of the Verified Complaint;

2. Issue an immediate order to determine the Respondents to handle their own passports and the child's passport;

3. Schedule an expedited preliminary injunction hearing on the merits of the Verified Complaint; enter an Order that Respondent show cause at said hearing as to why the child should not be returned to Brazil and why such other relief requested in the Verified Complaint should not be granted; and, pursuant to the Federal Rule of Civil Procedure 65, enter an Order that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Complaint;

4. Enter judgment declaring and adjudicating that the child shall be returned to Brazil, where an appropriate custody determination can be made by a Brazilian Court under Brazilian law;

5. That the proper American authority be held responsible for handling the minor to the airline that will bring the child back to Brazil;

6. Order Respondent to pay the minor's expenses and costs, including transportation costs, under 42 U.S.C. § 11607; and

7. Grant such further and additional relief as this Honorable Court deems just and proper, including an award of costs and attorneys' fees incurred in this action.

8. Grant pro bono jurisdiction and lawyer as the Applicant can not afford a lawyer in the US.

Respectfully submitted.

Dated: 02/06/2024

**EDERVALDO RODRIGUES DA SILVA**

*Edervaldo Rodrigues da Silva* [signature]

## INDEX OF EXHIBITS

**Exhibit A: Applicant's Declaration**
**Exhibit B: Hague Convention 1980**
**Exhibit C: ACAF E-mail Translated**
**Exhibit D: Marriage Certificate**
**Exhibit E: Birth Certificate**
**Exhibit F: Divorce Decision**
**Exhibit G: Custody Agreement**
**Exhibit H: Policy Report**
**Exhibit I: Petition for the case in the Brazilian Central Authority**