UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EDERVALDO RODRIGUES DA SILVA, | * * * | |
| Petitioner, | * * | |
| v. | * * | Civil Action No. 24-11280-ADB |
| JÉSSICA SILVEIRA DA SILVA, | * * | |
| | * * | |
| Respondent. | * * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Edervaldo Rodrigues da Silva ("Petitioner") filed a petition for the return of his ten-year-old son, A.R., to Brazil, pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Convention"). [ECF No. 1]. A.R.'s mother, Jéssica Silveira da Silva ("Respondent"), with whom A.R. lives in Lowell, Massachusetts, opposed the petition, arguing, as relevant here, that A.R. was well settled in his new environment. [ECF No. 18-1]. After a bench trial, this Court ruled that A.R. had been wrongfully removed from Brazil, rejected Respondent's "now-settled" defense, and granted the petition. [ECF No. 41]. Respondent appealed and the First Circuit vacated and remanded, holding that A.R. was well settled in the United States and instructing this Court to exercise its equitable discretion to determine whether A.R. should nevertheless be returned to Brazil. Rodrigues v. Silveira, 141 F.4th 355, 366 (1st Cir. 2025). Having considered the parties' supplemental briefing on this issue, [ECF Nos. 59, 63, 64], the Court declines to exercise its discretion to order A.R.'s return and **DENIES** the petition.

Although A.R. is now well settled in the United States, the Court retains "discretion to grant or deny return." Golan v. Saada, 596 U.S. 666, 676 (2022); see also Yaman v. Yaman, 730 F.3d 1, 21 (1st Cir. 2013) ("[T]he Convention confers upon a federal district court the authority to order, at its discretion, the return of a child found to be 'now settled.'"). "There exists 'very little law providing guidance' to district courts on how to exercise that 'equitable discretion,'" but the First Circuit has said that district courts may consider "the abducting parent's misconduct, together with any other relevant circumstances, such as whether return would not be harmful or disruptive even though the child has become settled, in deciding whether to order [the child's] return." Rodrigues, 141 F.4th at 358 (quoting da Costa v. de Lima, 94 F.4th 174, 180 (1st Cir. 2024)); see also da Costa, 94 F.4th at 183 (discussing removing parent's "bad-faith gamesmanship" as basis for ordering return). That said, the design of the Convention and the general nature of cases brought under it suggest that district courts should exercise their discretion to order a child's return in the face of an affirmative defense only in exceptional cases. Swett v. Bowe, 733 F. Supp. 3d 225, 293 (S.D.N.Y.), aff'd sub nom. Urquieta v. Bowe, 120 F.4th 335 (2d Cir. 2024); see also Cuenca v. Rojas, 99 F.4th 1344, 1352 (11th Cir. 2024) ("[R]eturning a settled child is the exception rather than the rule.").

Here, the Court declines to exercise its equitable discretion to order A.R.'s return to Brazil. While it does appear that Respondent engaged in misconduct by concealing from Petitioner her purpose in obtaining a passport for A.R., the Court finds that requiring A.R. to return to Brazil would be disruptive, particularly given that he now has spent almost three-and-a-half years of his life in the United States, "a significant amount of time in the life of a school-age child," has "benefitted from a supportive and involved extended family," and "has been consistently integrating into the community." Rodrigues, 141 F.4th at 364. The Court is mindful

2

of countervailing considerations, which include Petitioner's interest in seeing his son in person and A.R.'s other family connections in Brazil, [ECF No. 36 at 95], as well as general policy considerations related to deterring misconduct, but it finds those considerations to be outweighed by the harm and disruption of ordering A.R. to return to Brazil at this point in time, particularly where the First Circuit has determined the child to be well settled here.  Having carefully considered the arguments advanced by the parties in their supplemental briefing, the Court finds that this is not the exceptional case where the equities support returning A.R., who is now settled in the United States, to Brazil.  Accordingly, the Court **DENIES** the petition.

       **SO ORDERED.**

September 9, 2025

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE